Good morning, Your Honors. It pleases the Court, Stephen Biolsi for the Defendant Appellant in a Residential Mortgage Foreclosure Action. Your Honor, on summary judgment, the Defendant opposed the motion based upon the original complaint. In the complaint, things were alleged that an amount was due on a $72,000 second position lien. The plaintiff made serious errors in that complaint and then by way of motion practice, actually, and by affidavit, decided to amend the facts. This Court has held that it is well settled that a party may not amend its pleadings in its briefing papers. Well, that's exactly what happened here. Well, is that what happened or did he simply fill out beyond the complaint with other data? That is, if your arguments were to a 12B6, you know, I could understand them. The complaint didn't save him. But can't you get things into the record about the modification? Because that's essentially what you're talking about in after so that it is before the district judge at summary judgment. In New York, you cannot. The Court of Appeals has explicitly ruled in the Engle decision, which is what we argued, that the modification is so intrinsically intertwined in the terms as modified that that document must be pled in the complaint. It cannot be added later, number one. Number two, that document is so critical that the Court of Appeals has held that it's a want of standing. Shifting to the Article III jurisdiction of the district. Okay. Is that a substantive question under ERIE or is this a matter, since this is in federal court, of federal procedure? Your Honor, I would want to argue both, that it is defective on multiple levels, that the plaintiff failed twice. First, the plaintiff failed by changing the facts. For example, Your Honor, they're alleging, if we turn back to the complaint, that they accelerated the loan. But when you read the complaint, the loan matured before the action was commenced. There is nothing to accelerate. The plaintiff doesn't know the facts of the case. The Engle decision itself, which you referenced, says where deficiencies are in the complaints are technical or de minimis. I know you're saying these are more, but the crucial phrase that your adversary relied on heavily in its briefing rendered it unclear what debt was being accelerated. And here, our summary judgment process didn't make it pretty clear what debt we were talking about. And that's where the error lies. Most often, mortgagee's errors are always proclaimed by the mortgagee to be de minimis. The Court of Appeals is absolutely clear that failure to attach the modification to the complaint is not de minimis. The Court of Appeals is clear that it's a want of standing, number one. Number two, it's a failure to allege. Your Honor, you can't, and I lay it out in the brief, where there's the wrong loan number, there's the wrong date of default, there's the wrong interest rate, there's the wrong maturity date, there's the wrong unprincipled paid balance. A de minimis error might be a Scribner's error. For example, the loan could mature in 2019, and they accidentally write 2091. They interpose those digits. This is not de minimis. This is the... A loan modification can go well beyond correcting a Scribner's error. The question is whether it is the same note, it's the same obligation that is being foreclosed upon. Exactly correct, Judge, and it is not. The note that they are foreclosing on is annexed to the complaint and has matured. It is an incredibly different note, and that's why that Engel case... It's an obligation, and it's the same obligation. It has been modified. Those terms have been modified. The obligation, the same obligation has been modified. Yes, sir. The question is whether that modification has transformed it into a different obligation. And it has. It definitely has. And because of those reasons, at a minimum, in order to sue a homeowner before taking his home, the least that you can do is allege appropriate and truthful facts. Here, they didn't. They didn't attach the document. So I agree with Your Honor. In the end, wasn't the correct obligation before the district court when it acted? And isn't the question of whether it got there one way or another essentially a procedural question which we as federal courts can allow to have done that way? No, Your Honor, it cannot. It is a issue. It's the Article III jurisdictional threshold at commencement. And make no mistake, the defendant has that defense in his papers. Make no mistake. The courts are clear. If you do not have the note... Which courts are clear? The appellate... You say the courts. Okay. You mean New York courts or federal courts? The appellate divisions and the court of appeals and the state courts rule that the absence of attaching the note as modified to the complaint renders a want of standing. In Article III courts, a want of standing renders the court without power to adjudicate that case. It's not de minimis, Your Honor. This is a very serious issue. And it's only one of the issues that needed to be addressed by the plaintiff. What do you contend is the present obligation of your client? The note that might have matured. That's what they alleged in the complaint. Yes, sir. Does your client have an obligation to pay money? Yes, sir. How much? Your Honor, I believe I haven't done the math. It would be the one alleged in the complaint, the note that it matured in 2020 with an unpaid principal balance of $64,701.30. You would concede that your client has the obligation to pay that? Yes, sir. Absolutely. But it matured in 2020, but you haven't paid it. Your Honor. This is now almost 2025. Or am I missing something? No. Well, Your Honor, you might be missing, unfortunately, the fact that when we're trying to exercise the equitable right of redemption, when the mortgagee won't take payment on the note because they believe a different... It's very hard. We have the right before auction to pay in full. And my client would love to pay off in full. And we've been trying, Your Honor, to pay for the past five years because interest does accrue on that $64,000 unpaid principal balance. The problem is the plaintiff believes the plaintiff has owed a lot more money. Your Honor, I can't protect my client if there's facts change based upon the pleadings. The pleadings control the case, and they're going to continue to change. I can't advise my client to redeem the mortgage if we don't know what the right numbers are and judge. There's so many other errors. We focus on the one main error. But just the error of the predicate demands renders the case ineffective. My client is not trying to get around his obligations, Your Honor. This is his home. And they fell into hard times like many people did a decade ago. And he's trying to correct that. And you have tendered the face amount of the note plus interest. Your Honor, I don't know how much of the settlement negotiations, but we have. I'm very familiar with the law firm. We have a great working relationship. We would like to tender it, but we can't because we don't know what the numbers are. It's not just that because don't forget, Judge, in an amortization schedule, it's just it requires a concerted effort together. Both sides must work together, or the court can work together to help foster that through an appointed referee. But we can't if we're looking at two different obligations. The law requires that the plaintiff prepare a proper case to this court. The prima facie burden, Judge, bear in mind, the prima facie burden is very light on the plaintiff. And here, no matter how light that burden was, they wholly failed to the detriment of my client. And my client runs the risk of losing his home and his family's home for $64,000 plus interest. He doesn't want that to happen. Thank you. Thank you, Your Honor. Thank you very much. And the appellee is on submission, so thank you for your arguments.